

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. T. Weber, President
Texas Board of Dental Examiners
1014 Norwood Building
Austin, Texas

Dear Sir:

Opinion No. O-1826
Re: Does Article 4546, Vernon's
Annotated Civil Statutes, re-
quire that a dentist conduct-
ing clinics in various counties
for the State Health Department
pay the license recordation fee
therein provided.

Your opinion request upon the above stated ques-
tion has been received and considered by this department.

As a necessary preliminary to our opinion we quote
at length from your letter so that we may be assured that we
correctly understand the question therein presented.

"The State Health Department of the State
of Texas has in its employ one Dr. W. A. Buckner,
A dentist, duly licensed by our Board of Dental
Examiners, and who in the course of his employ-
ment travels throughout the state and conducts
clinics in counties having County Health Units
and upon the request of the dentists in that
county. These clinics are one-half educational
and one-half clinical.

"Article 4546, Chapter 9, Title 71 of the
Revised Civil Statutes, Acts 1919 as amended by
Acts 1935 44th Legislature; and, Article 749,
Chapter 7, Title 12 of the Penal Code of 1925,
Acts 1919 as amended by Acts 1935 44th Legisla-
ture require that the practitioners in the State
of Texas shall record their license in the of-
fice of the County Clerk of each and every coun-
ty in which they practice, and requires the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

payment of fifty (50¢) cents for such recordation.

"Will it be necessary for Dr. Buckner as an employee of the State of Texas to first register and record his license before he may conduct the affairs incident to his employment?

"Who must pay the fee if the above is answered in the affirmative?"

Further, it is our understanding that the services rendered by this clinic to indigent persons, selectively chosen, are free; that they are conducted pursuant to the duty imposed upon the State Health Department, by Article 4414a; viz.,

"To better protect and promote the health of the people of Texas * * *";

and that the policy behind, and the excuse for the existence of this traveling clinic is to promote a general public consciousness of dental hygiene.

Article 4546, Vernon's Annotated Civil Statutes, is necessary to our opinion and we quote the appliable portion as follows:

"Every person to whom a license is issued by the State Board of Dental Examiners shall, before beginning the practice of dentistry at any place in this State, present the same to the County Clerk of the county in which he resides and offers to practice, and to the County Clerk of each and every other county in which he may practice or offer to practice; said County Clerk shall record said license in a book provided for the purpose, and receive fifty (50¢) cents therefor. * * *"

Article 749, Vernon's Annotated Penal Code, is couched in the identical language; thus rendering its quotation unnecessary here.

Article 4551a, provides who shall be considered as practicing dentistry within the meaning of the various statutory provisions regulating that profession. Section 3 of

Honorable B. T. Weber, Page 2

that article provides:

"2. Any one who owns, maintains or operates any office or place of business where he employs or engages, under any kind of contract whatsoever, any other person or persons to practice dentistry * * * shall be deemed to be practicing dentistry * * * and shall * * * be required to be duly licensed to practice dentistry * * * and shall be subject to all of the other provisions of this chapter, even though the person or persons so employed or engaged by him shall be duly licensed to practice dentistry * * *"

It is our opinion, and you are respectfully advised, that the dentist employed by the State Health Department to conduct the clinic in the situation now confronting us is not subject to the provisions of Article 4546, supra. To hold otherwise would be placing the Legislature in the highly ludicrous position of providing by the terms of Section 3, Article 4551a, supra, that the State Health Department would be considered as practicing dentistry in the event it employed a dentist, and not being a licensed dentist itself, would be subject to the penalties provided for in the Penal Code. We do not conceive the State as being capable of, nor licensed as, a practicing dentist.

Some few activities performed by this State employe, pursuant to his duties, might possibly come within the terms of this Act which defines those who shall be deemed as practicing dentistry. Notwithstanding, we do not conceive the idea that this State employe comes within the rational scope of this Act. The strict letter of the law might include him; but the spirit of the law definitely tends towards exclusion. It is true that an exemption must arise by implication. This would not constitute a rarity, however.

Judge Gaines, speaking in the case of Queen Insurance Company v. State, 24 S. W. 397, announced a rule of statutory construction which would seem peculiarly applicable to the situation here. It follows:

"The principle is inherent in the construction of all laws * * * that the intention of the Legislature must be sought for, and, when discovered, must govern. In discovering that intention it is proper to look at the

consequences of any particular result, and, if they be found unreasonable or oppressive, such interpretation ought to be rejected."

Upon examination of the Appropriation Bill, we observe that there is no specific sum provided for the payment of any such recordation fees. Therefore, the dentist would be liable personally. It would appear an anomaly that a person employed by this State, chargeable with the execution of certain duties thereunder, should be required to pay to a political subdivision of this State, viz., a county, a fee as a condition precedent to the legality of those acts necessary to the proper discharge of those duties required of him by the sovereignty which employs him.

It would appear a case where the State challenges the right to act of those through whom it must act to effect its sovereign purpose.

The highly beneficial and free services rendered to the indigent and underprivileged citizens of the State by this program does not come within the popular and common sense conception of the meaning of the phrase "practicing dentistry." The services under consideration partake more of the nature of sovereign acts than they do of the acts of any individual.

Therefore, you are advised that the dentist in the situation now before us may proceed to any county of the State and ply his art and perform his duty without any necessity of first complying with the provisions of Article 4546, Vernon's Annotated Civil Statutes.

Trusting that the above satisfactorily answers your inquiry, we remain

Yours very truly

APPROVEDFEB 7, 1940

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By _____
                    Assistant

By _____
        Grundy Williams

G:rs